UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHERMAN HARRIS,

                                Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICERS
JOHN DOE #1 & JOHN DOE #2
in their individual and official capacities as employees
of the City of New York Police Department

                                Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

13 CV 8126

The Plaintiff, Sherman Harris by his attorney, Paul V. Prestia, Esq., of The Prestia Law Firm, P.L.L.C., alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, and against Police Officers John Doe #1 & John Doe #2, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

**JURISDICTION**

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

**VENUE**

3. Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because the events forming the basis of Plaintiff's Complaint occurred in that District.

**NOTICE OF CLAIM**

4. On , December 27, 2012, Plaintiff filed a Notice of Claim upon defendant City of New York, by delivering copies thereof to the person designated by law as a person to whom such claim may be served.

5. The Notice of Claim was in writing, sworn to by Plaintiff, containing the name and address of the Plaintiff, and the name and address of Plaintiff's attorney.

6. The Notice of Claim set out the nature of the claim, the time when, the place where, and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiff.

7. The City of New York has failed to adjust the claims within the statutory time period.

8. This action is being commenced within one year and ninety days after the happening of the event upon which the claims are based. Plaintiff caused the Notice of Claim to be served upon Defendant the City of New York.

9. A 50-H hearing of Plaintiff was conducted on May 13, 2013.

## PARTIES

10. Plaintiff, Sherman Harris, is a citizen of the United States and was, at all times relevant hereto, residents of the State of NJ, Camden County.

11. Defendant Police Officers JOHN DOE #1 & JOHN DOE #2 (hereinafter, JOHN DOE #1 and JOHN DOE #2, respectively) were at all times relevant to this complaint a duly appointed and acting officers of the Police Department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

12. Defendant City of New York is a Municipal Corporation duly incorporated and existing pursuant to the laws of the State of New York, pursuant to Section 431 of its Charter. The City of New York has established and maintains a Police Department as a constituent department or agency of the defendant.

13. At all relevant times, the City of New York and its Police Department employed the defendants.

14. At all relevant times the Defendants JOHN DOE #1 and JOHN DOE #2 were a duly appointed and acting Police Officers of the New York City Police Department and was at all relevant times on duty on August 17, 2013.

15. At all relevant times, Defendants JOHN DOE #1 and JOHN DOE #2 were acting under color of state law.

16. At all relevant times, Defendants JOHN DOE #1 and JOHN DOE #2 were agents, servant and employee acting within the scope of their employment by defendant City of New York.

## FACTS

17. On August 17, 2012, at approximately 5:30 p.m, in the vicinity of 171st Street, Bronx, NY, Sherman Harris, (hereinafter "Plaintiff"), was sitting in the back passenger seat of friend's car. Plaintiff was in the car with three other people and was on his way home from visiting family in the area. At about that time, the vehicle was ordered to 'pull over' by a NY City Police vehicle. Plaintiff's friend stopped the vehicle as instructed by said officers.

18. Defendants JOHN DOE #1 and JOHN DOE #2 approached the vehicle with their guns drawn and ordered plaintiff and his friends to get out of the car.

19. Plaintiff was taken to the back of the vehicle, handcuffed and taken to the 40th Precinct. Plaintiff was later brought to Central Booking Bronx County.

20. On the evening of August 19, 2012 Plaintiff was arraigned in Bronx County Criminal Court and charged with Criminal Possession of a Controlled Substance in the Third Degree.

21. Bail was set at $1,000.00. Plaintiff posted bail and was released from custody.

22. Plaintiff made two subsequent appearances in Bronx County Criminal Court.

23. On November 1, 2012, the Bronx County District Attorney's Office dismissed the case against Plaintiff.

24. Plaintiff was in custody for approximately fifty-two hours.

25. Plaintiff was bitten by bed bugs during the course of his confinement at Bronx County Central Booking.

4

25. As a direct and proximate result of the malicious and outrageous conduct of Defendants set forth above, Plaintiff suffered injuries and damages including bruised ribs, emotional trauma, harm and distress, mental anguish, fear, pain and suffering. The full extent of the injuries and damages suffered by Plaintiff has yet to be determined.

## FIRST CAUSE OF ACTION

### (False Arrest Under Federal Law)

26. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 25 of this complaint as if fully set forth herein.

27. The acts and negligence of the Defendant Officers John Doe #1 & John Doe #2, committed under color of law and under their authority as City of New York police officers, in falsely arresting, physically assaulting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiff and were designed to and did cause emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiff. The aforesaid actions of the defendants were in violation of Plaintiff's constitutional rights to be free from unreasonable search and seizure of his person, to equal protection of the laws, and to not suffer deprivation of his liberty without due process of law, as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and in violation of 42 U.S.C. § 1983.

28. As a consequence thereof, Plaintiff was injured and claims damages under 42 U.S.C. § 1983 for the above-referenced injuries.

## SECOND CAUSE OF ACTION

### (Federal Civil Rights Violation)

29. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 28 of this complaint as if fully set forth herein.

30. The acts and negligence of the defendant Officers John Doe #1 & John Doe #2, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff, who is African-American, were motivated by racial animus, were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering in violation of the Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1981.

31. As a consequence thereof, Plaintiff has been injured, and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## **THIRD CAUSE OF ACTION**

### **(Monell)**

32. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 31 of this complaint as if fully set forth herein.

33. On information and belief, prior to and including May 16, 2012, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.

34. On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

35. On information and belief, it was the policy and/or custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff and otherwise cause him injury and violate his state and federal constitutional rights.

36. On information and belief, the defendant officers have been the subject of prior civilian and departmental complaints that put, or should have put, the defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein.  Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

37. As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

38. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. § 1981.

39. The conduct and negligence of the defendant City of New York and its Police Department were the direct and proximate cause of the injuries to Plaintiff..

40. As a consequence thereof, Plaintiff has been injured and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## FOURTH CAUSE OF ACTION

### (Malicious Prosecution Under Federal Law)

41. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 40 of this complaint as if fully set forth herein.

42. Defendant John Doe #1 and John Doe #2 initiated a malicious prosecution against plaintiff by drafting and signing a sworn criminal court complaint and police reports that provided false information to the court, alleging plaintiff had committed various crimes.

43. Defendant John Doe #1 and John Doe #2 in initiating the above-stated malicious prosecution used such to cover up their illegal and unconstitutional conduct and force plaintiff into confessing to a crime he did not commit.

44. The acts and negligence of Defendants John Doe #1 and John Doe #2 in falsely charging, imprisoning and maliciously prosecuting plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause specific and emotional harm and distress, mental anguish, fear, pain and suffering in violation of Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1981.

45. As a consequence thereof, plaintiff has been injured, and plaintiff, claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## **FIFTH CAUSE OF ACTION**

### (Malicious Prosecution Under State Law))

46. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 45 of this complaint as if fully set forth herein.

47. Defendant John Doe #1 and John Doe #2 are liable to plaintiff for malicious prosecution of his August 2012 arrest, because pursuant to a conspiracy, and acting with malice, the defendant initiated a malicious prosecution against plaintiff by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the criminal court(s) alleging plaintiff had committed various crimes, fabricated a basis for having probable cause; and based upon these false statements, prosecutors prosecuted plaintiff until the case against plaintiff were dismissed in their entirety.

48. The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

49. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s) and pursuing said prosecutions despite knowing they did not have the requisite probable cause to successfully prosecute plaintiff.

50. As a consequence thereof, plaintiff has been injured and claims damages for the aforesaid injuries.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff's respectfully requests that judgment be entered as follows:

1. A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, and to be free from the deprivation of liberty without due process of law as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

2. A declaration that the defendants violated Plaintiff's rights to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens as guaranteed under 42 U.S.C. § 1981;

3. A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, to not be discriminated against in his civil rights because of his race or color, and to be free from the deprivation of liberty without due process of law as guaranteed under Article I, Sections 6, 11 and 12 of the New York State Constitution;

4. Compensatory damages against all defendants in an amount to be determined by a jury;

5. By reason of the wanton, willful and malicious character of the conduct complained of herein, exemplary and punitive damages against all defendants in an amount to be fixed at trial;

6. An award to Plaintiff of the costs and disbursements herein;

7. An award of attorney's fees under 42 U.S.C. § 1988;

8. Such other and further relief as this Court may deem just and proper.

Dated: November 7,, 2013
New York, New York

_____
PAUL V. PRESTIA, ESQ.
The Prestia Law Firm, P.L.L.C.
65 Broadway, Suite 716
New York, New York 10006
(212) 430-6313
Attorney for Plaintiff